**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

RICHARD BOWER,                          *
ADC #144498,                            *
                                        *
                Plaintiff,              *
                                        *
vs.                                     *          No. 4:14CV00441-SWW
                                        *
UNITED STATES OF AMERICA                *
                                        *
                Defendant.

## ORDER

Plaintiff Richard Bower is a state inmate confined at the Cummins Unit of the Arkansas Department of Correction (ADC).[1]  He filed this *pro se* action, entitled, "On Petition for Writ of Error to the United States District Court for Eastern District of Arkansas," challenging the federal court's jurisdiction over his prior federal criminal cases in the Sixth and Eleven Circuits.[2]  Plaintiff asks the Court to remove "this past criminal history from my record."  (Doc. No. 2, p. 23.)

## I.    SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

---

[1]Plaintiff is serving a life sentence for convictions Arkansas in April, 2009, for aggravated robbery and kidnaping.  Adc.arkansas.gov/inmate_info/search.

[2]This case has been docketed as a "550" case, as a civil rights action filed by a prisoner.

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts."  *Id.*

## II.    FACTS AND ANALYSIS

Plaintiff was convicted in 1985 of bank robbery and armed bank robbery in the Southern District of Ohio. (Doc. No. 1, p. 6.)  His conviction was affirmed in 1987, and his motion to vacate the sentence, pursuant to 28 U.S.C. § 2255, was denied in 1996.  (*Id.*)  That denial was affirmed by the United States Court of Appeals for the Sixth Circuit in *Bauer v. United States*, No. 96-3542, 1997 WL 58644 (6th Cir. 1997).  (*Id.*)[3]  Plaintiff also was convicted in the Southern District of Florida in 1991 of armed bank robbery, being a felon in possession of a firearm, and of forcing hostages to accompany him during the bank robbery. (*Id.*, p. 7.)  His conviction was affirmed by the Eleventh Circuit Court of Appeals in March, 1992.  *United States v. Bauer*, 956 F.2d 239 (11th Cir. 1992).

---

[3]Plaintiff interchangeably spells his last name as "Bower" and "Bauer."  He is listed as Richard Bower on the ADC website, with an alias of "Richard Bauer." Adc.arkansas.gov/inmate_info/search.

In this present case, Plaintiff challenges the jurisdiction of the federal courts in which he was convicted, claiming that since he committed his crimes within particular states, he should have been tried and convicted in state, not federal courts. (Doc. No. 2, pp. 8-17.) As a result, the "federal court had no jurisdiction" and "this Plaintiff has committed no crime and the Federal Government had no right to prosecute." (*Id*., pp. 12, 17.) He then asks this Court to "remove from the record of this Plaintiff, all of these federal crimes as if they never were." (*Id*.)

Basically, Plaintiff seeks to set aside his sentences and have his convictions expunged, alleging that his convictions were in violation of his Constitutional rights. This is habeas relief, which should be filed pursuant to 28 U.S.C. § 2255, in the jurisdictions where he was convicted. As noted above, Plaintiff did previously file such a petition in the Sixth Circuit, which was denied. However, this Court has found no record of a similar petition filed in the Eleventh Circuit. Therefore, this civil rights action should be dismissed, without prejudice, for failure to state a claim upon which relief may be granted.

## III.   CONCLUSION

IT IS THEREFORE ORDERED that this action be DISMISSED, without prejudice.

An appropriate Judgment shall accompany this Memorandum and Order

DATED this 18th day of August, 2014.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE